## MOSHER *v.* ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 246. Argued and Submitted April 20, 1888. — Decided May 14, 1888.

The S. company, owning a railroad extending from S. to M., and there connecting with the railroad of the H. company from M. to H., sold a ticket, at a reduced rate of fare, for a passage from S. to H. and return,

containing a contract signed by the purchaser, by which he agreed " with the several companies " upon the following conditions : That " in selling this ticket the S. company acts only as agent and is not responsible beyond its own line; " that the ticket " is not good for return passage unless the holder identifies himself as the original purchaser to the satisfaction of the authorized agent of the H. railroad at H. within eighty-five days from the date of sale, and, when officially signed and dated in ink and duly stamped by said agent," shall be good for five days from that time; that the original purchaser shall sign his name and otherwise identify himself, whenever called upon to do so by any conductor or agent of either line; and that no agent or employé of either line has any power to alter, modify or waive any condition of the contract.   The original purchaser was carried from S. to H., and within eighty-five days, and a reasonable time before the departure of a return train, presented himself with the ticket at the office of the agent of the H. railroad at H., for the purpose of identifying himself and of having the ticket stamped, and, no agent being at that office, took the return train on the H. railroad from H. to M. and a connecting train on the S. railroad for S., and, upon the conductor of the latter train demanding his fare, presented the unstamped ticket, informed him of what he had done at H., offered to sign his name and otherwise identify himself to the conductor, and demanded to be carried to S. by virtue of the ticket; but the conductor refused, and put him off the train.  *Held*, that he could not maintain an action against the S. company.

THIS was an action by a passenger against a railroad corporation for putting him off one of its trains.   The allegations of the amended petition were in substance as follows :

On April 9, 1883, the plaintiff purchased of the defendant at St. Louis a ticket expressed on its face to be " good for one. first class passage to Hot Springs, Ark., and return when officially stamped on back hereof and presented with coupons attached," and containing a " tourist's contract," signed by the plaintiff as well as by the ticket agent, by which, " in consideration of the reduced rate at which this ticket is sold," the plaintiff agreed, " with the several companies " over whose lines the ticket entitled him to be carried, upon certain terms and conditions, of which those material to be here stated were as follows :

" 1st. That in selling this ticket the St. Louis, Iron Mountain and Southern Railway Company acts only as agent and is not responsible beyond its own line."

" 4th. That it is good for going passage only five (5) days

from the date of sale, as stamped on back and written below.

"5th. That it is not good for return passage · unless the holder identifies himself as the original purchaser to the satisfaction of the authorized agent of the Hot Springs Railroad at Hot Springs, Ark., within eighty-five (85) days from date of sale, and when officially signed and dated in ink and duly stamped by said agent this ticket shall then be good only five (5) days from such date.

"6th. That I, the original purchaser, hereby agree to sign my name and otherwise identify myself as such, whenever called upon to do so by any conductor or agent of the line or lines over which this ticket reads, and on my failure or refusal that this ticket shall become thereafter void."

"12th. And it is expressly agreed and understood by me that no agent or employé of any of the lines named in this ticket has any power to alter, modify or waive in any manner any of the conditions named in this contract."

Attached to the ticket were various coupons, a portion of which entitled the plaintiff to be carried from Malvern to Hot Springs and back on the Hot Springs Railroad. The plaintiff was accordingly carried as a passenger from St. Louis to Hot Springs.

On May 9, 1883, the plaintiff, desiring to return to St. Louis, "presented himself and said ticket at the business and ticket office and depot of said Hot Springs Railroad, the said business and ticket office and depot being then and there the business office of the authorized agent of said Hot Springs Railroad at said Hot Springs, during business hours and a reasonable time before the time of departure of its train for St. Louis that the plaintiff desired to take and did take," and offered to identify himself as the original purchaser of the ticket to the satisfaction of said agent, for the purpose of entitling himself to return thereon to St. Louis, and of permitting the ticket to be officially signed, dated in ink and duly stamped by said agent; but the defendant and the Hot Springs Railroad Company failed to have said agent there at any time between the time when the plaintiff so presented

himself and his ticket and the time of departure of the train, "whereby," the petition averred, "said defendant and its agent and the agent of said Hot Springs Railroad at Hot Springs, Ark., failed and refused, without any just cause or excuse, to identify the plaintiff as the original purchaser of said ticket, or to officially sign, date in ink and stamp said ticket."

The plaintiff thereupon boarded the train of the Hot Springs Railroad at Hot Springs, and was carried thereby to Malvern, where, on the same day, he boarded a regular passenger train of the defendant for St. Louis, and, upon the conductor thereof demanding his fare, presented his ticket, informed him of his presentation of it at the office at Hot Springs, of his offer there to identify himself, and of the absence of the agent, as aforesaid, and offered to sign his name and otherwise identify himself to the conductor, and demanded to be carried to St. Louis by virtue of said ticket; but the conductor refused, and put him off the train, and left him at a way station, where he was obliged to remain without fire or other protection against the cold until he took the midnight train of the defendant for St. Louis, first paying fare; "by reason of each and all of which wrongful and unlawful acts aforesaid of defendant, its agents and employés, the plaintiff says he has been damaged in the sum of ten thousand dollars, for which he asks judgment."

The Circuit Court sustained a demurrer to this petition, and gave judgment for the defendant. Its opinion, delivered upon sustaining this demurrer and sent up with the record, is reported in 23 Fed. Rep. 326; and its opinion at a former stage of the case, in 5 McCrary, 462, and in 17 Fed. Rep. 880.

*Mr. Clinton Rowell* for plaintiff in error.

*Mr. Winslow S. Pierce, Jr.,* and *Mr. John F. Dillon,* for defendant in error, submitted on their brief.

Mr. Justice Gray, after stating the case as above reported, delivered the opinion of the court.

The right of this plaintiff to be carried upon the defendant's train, without paying additional fare, does not depend upon

his having been received as an ordinary passenger, or upon any representations made by a ticket-seller, conductor or other officer of the company as to his right to use a ticket, but wholly upon the construction and effect of the written contract, signed by him, upon the face of the ticket (of the kind called "tourist's" or "round-trip" tickets) sold him by the defendant for a passage to Hot Springs and back, by which, in consideration of a reduced rate of fare, he agreed to the following terms:

By the fifth condition, the ticket "is not good for return passage unless the holder identifies himself as the original purchaser to the satisfaction of the authorized agent of the Ho. Springs Railroad at Hot Springs, Ark., within eighty-five days from date of sale, and when officially signed and dated in ink and duly stamped by said agent this ticket shall then be good only five days from such date."

The clear meaning of this condition is that the ticket shall not be good for a return passage at all, unless, within eighty-five days from its original date, the holder not only identifies himself as the original purchaser to the satisfaction of the agent named, but that agent signs, dates and stamps the ticket; and that, upon such identification and stamping, the ticket shall be good for five days from the new date.

The sixth condition, by which the ticket is to be void if the plaintiff does not sign his name and otherwise identify himself, whenever called upon so to do by any conductor or agent of either of the lines over which he may pass, is evidently intended as an additional precaution against a transfer of the ticket either in going or in returning, and not as an alternative or substitute for the previous condition to the validity of the ticket for a return trip.

The twelfth condition states that the plaintiff understands and expressly agrees that no agent or employé of any of the lines has any power to alter, modify, or waive any of the conditions of the contract.

By the express contract between the parties, therefore, the plaintiff had no right to a return passage under the ticket, unless it bore the stamp of the agent at Hot Springs. Such a

stamp was made by the contract a condition precedent to the right to a return passage, and no agent or employé of the defendant was authorized to waive that condition.

The plaintiff contends that, as there was no agent at the office at Hot Springs, to whose satisfaction he could identify himself, and by whom he could have his ticket stamped, when he presented himself with his ticket at that office, within a reasonable time before he took the return train, he had the right to be carried from Hot Springs to St. Louis under his ticket, without having it stamped, and may therefore maintain this action against the defendant for the act of its conductor in expelling him from the connecting train upon the defendant's road.

If this defendant had been the party responsible for not having an agent at Hot Springs, the question thus presented would have been of some difficulty, although we are not prepared to hold that, even under such circumstances, the plaintiff's remedy would not be limited to an action for the breach of the implied contract to have an agent there, and to the expense which he thereby incurred. But this case does not require the expression of any opinion upon that question.

By the first condition of the contract contained in the plaintiff's ticket, the defendant is not responsible beyond its own line. Consequently it was not responsible to the plaintiff for failing to have an agent at the further end of the Hot Springs Railroad. The agent who was to identify the passenger and stamp his ticket there was the agent of the Hot Springs Railroad Company, and is so described in the ticket, as well as in the petition. If there was any duty to have an agent at Hot Springs, it was the duty of that company, and not of the defendant. The demurrer admits only the facts alleged, and does not admit the conclusion of law, inserted in the petition, that by reason of the facts previously set forth, and which do not support the conclusion, the defendant and its agent failed and refused, without just cause or excuse, to identify the plaintiff as the original purchaser of the ticket, or to sign, date and stamp it. *Hitchcock* v. *Buchanan*, 105 U. S. 416.

The omission to have an agent at Hot Springs not being a

breach of contract or of duty on the part of this defendant, the case is relieved of all difficulty.

The conductor of the defendant's train, upon the plaintiff's presenting a ticket bearing no stamp of the agent at Hot Springs, had no authority to waive any condition of the contract, to dispense with the want of such stamp, to inquire into the previous circumstances, or to permit him to travel on the train. It would be inconsistent alike with the express terms of the contract of the parties, and with the proper performance of the duties of the conductor, in examining the tickets of other passengers, and in conducting his train with due regard to speed and safety, that he should undertake to determine, from oral statements of the passenger or other evidence, facts alleged to have taken place before the beginning of the return trip, and as to which the contract on the face of the ticket made the stamp of the agent of the Hot Springs Railroad Company at Hot Springs the only and conclusive proof.

The necessary conclusion is that the plaintiff cannot maintain this action against the defendant for the act of its conductor in putting him off the train. *Townshend* v. *New York Central Railroad*, 56 N. Y. 295; *Shelton* v. *Lake Shore Railway*, 29 Ohio St. 214; *Frederick* v. *Marquette &c. Railroad*, 37 Michigan, 342; *Bradshaw* v. *South Boston Railroad*, 135 Mass. 407; *Murdock* v. *Boston & Albany Railroad*, 137 Mass. 293, 299; *Louisville & Nashville Railroad* v. *Fleming*, 14 Lea (Tenn.), 128.

*Judgment affirmed.*