# MEMORANDA

OF

*CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME, WHICH ARE NOT REPORTED IN FULL.*

---

EMMA K. ENOS, Respondent, *v.* JOHN A. ENOS, Appellant.

In an action for slander plaintiff is entitled to prove, as bearing upon the question of malice, other slanderous statements than those set forth in the complaint, made by defendant, imputing the same charge as that embodied in the words set forth.

It is not necessary that such other statements shall be in the same words or substantially the same as those set forth; it is sufficient if they are a repetition of the same calumny.

*It seems,* however, that words so proved as repetitions of the slander charged are only admissible or available as bearing upon the degree of malice of defendant in speaking the words charged in the complaint; they do not furnish an independent cause of action, and no recovery can be based solely thereon.

Where an action for slander was based upon words charging a married woman with unchastity, *held,* that it was competent for plaintiff, as bearing upon the question of damages, to prove that she had a family of young children.

(Argued May 25, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 23, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action for slander.

The complaint alleged that on many occasions during three years preceding the commencement of this action the defendant spoke words, which were particularly set forth, imputing unchastity to plaintiff, and also charging her with theft.

The following is the opinion in full:

" The words proved by the witness Burt imputed a charge of unchastity, and were, we think, admissible under the rule

which permits proof of a repetition by the defendant before the commencement of the action of slander charged in the complaint, as bearing upon the degree of malice which actuated him in speaking the words laid. (*Root* v. *Lowndes*, 6 Hill, 518; *Howard* v. *Sexton*, 4 N. Y. 157; *Frazier* v. *McCloskey*, 60 id. 337.) The words testified to by Burt are not the same words, nor substantially the same words laid in the complaint, but they were of the same import, or at least the jury might so find. They would not, under the rules of pleading, if they had been relied upon to sustain the action, have been provable without an amendment of the complaint, because the words laid must be proved in substance, and different words, although imputing the same charge, but entirely different language will not support the complaint.

"But where the object of proving other words is to show the malicious intent of the defendant in speaking the words laid, then, provided they impute the same and not a different charge, or a charge of a different nature, there seems to be no reason for excluding them in view of the general rule and the purpose for which repetitions are admissible. If the words are a repetition of the same calumny, the particular form of words in which the repetition is clothed would seem to be immaterial. They would equally bear upon the malice of the defendant, as if the repetition was verbally exact, and I perceive no reason why their proof in an action would not bar another action by the plaintiff founded thereon, to the same extent as if the words were identical. (See *Root* v. *Lowndes, supra.*)

"We think the trial judge erred in his charge to the jury in respect to the evidence of Burt. He dwelt at considerable length upon it, and in such terms instructed the jury that if they found that the defendant intended by the words to charge the plaintiff with unchastity, they might base their verdict upon them. The words, as has been said, did not sustain the complaint. They were not the words counted on, nor substantially similar words. They were admissible, as has been stated, as bearing upon the degree of malice of the defendant in speaking the words in the complaint. But the authorities are uniform that words proved as repetitions of the slander

charged are not an independent ground of action in the case, and that no recovery can be had for uttering them. They reflect upon and strengthen the claim for damages on account of the words charged.

" If the defendant had excepted to the part of the charge referred to, or in any other way had raised the question by a proper exception that the jury had no right to regard the words sworn to by Bart as a ground or cause of action, the point would have been well taken. But we do not find that the point was raised.

" After the evidence of Burt had been given, and the defendant's counsel had cross-examined the witness, he asked that the evidence should be stricken out, upon the grounds that the statement proved was not alleged in the complaint, and that it was not a statement alleging unchastity. The court denied the request and exception was taken. Before Burt was examined, words charged in the complaint had been proved in substance, and Burt's testimony was competent as a repetition, and they did amount to a charge of unchastity. The court might properly refuse to strike out the testimony. The only exception to the charge, is stated in the case as follows : ' Counsel for the defendant excepted to the charge that the jury might pass upon what the defendant intended by the words sworn to by Burt, and to all that was charged upon the subject.' This manifestly did not call the attention of the court to the error to which we have referred.

" There were some other exceptions taken on the trial. Some were taken to questions asked witnesses as to what was said by the defendant in their presence at a time and place stated, and the objection preceded the giving of the evidence. It is now claimed that the complaint did not allege, with sufficient particularity, time, place and circumstance in connection with the speaking of the words charged, and that no proof thereunder could be given, and the exceptions now referred to were doubtless based upon this view. We think the complaint was sufficiently definite, and if, for any reason, the defendant desired a fuller statement of the circumstances, his remedy was by motion, and he could not exclude the evidence by objection taken on the trial. It was competent to permit proof

that the plaintiff had a family of young children, as bearing upon the question of damages. It certainly was a serious aggravation that the words were spoken of a mother having children who would be disgraced by such a charge. (See Townshend on Slander, § 391, and cases cited.) The rule that the wealth of a defendant cannot be shown in aggravation, is based upon the fact that the circumstance has no relation to the injury suffered by the plaintiff. (See *Myers* v. *Malcolm*, 6 Hill, 292.)

" We find no exception justifying a reversal of the judgment.
" The judgment should be affirmed."

*John Gillette* for appellant.

*Huson & Dwelle* for respondent.

ANDREWS, J., read for affirmance.
All concur.
Judgment affirmed.