(9 Misc. Rep. 427.)

### SMITH v. MATTHEWS et al.

(Superior Court of Buffalo, General Term. July, 18, 1894.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW—INSTRUCTIONS.
    Error cannot be assigned on omissions and false assumptions in a charge. unless a request to supply the omissions and correct the false assumptions was refused, and an exception taken.

2. DAMAGES—WHEN EXCESSIVE.
    A verdict will not be disturbed on appeal as excessive unless it strikes the mind as extravagant and exorbitant, and it appears that the jury was influenced by passion, prejudice, or corruption.

3. LIBEL AND SLANDER—EXEMPLARY DAMAGES—MALICE.
    Exemplary damages may be recovered in an action for libel without proving actual malice.

4. SAME—INSTRUCTIONS.
    Where it was conceded in an action for libel that there was no actual malice, and the court had already so charged, it is error to charge that the jury might find actual malice from the neglect of defendant to investigate the truth of the libelous article before publishing it.

Appeal from trial term.

Action by Juliette C. Smith against George E. Matthews and Charles E. Austin. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendants appeal. Reversed.

For decision on motion for a new trial, made on a case and exceptions, see 27 N. Y. Supp. 120.

Argued before TITUS, C. J., and WHITE, J.

Charles B. Wheeler, for appellants.

B. F. Dake, for respondent.

WHITE, J. The defendants are proprietors of two newspapers published in this city, known as the Buffalo Morning Express and the Buffalo Illustrated Express. The Morning Express is issued daily at about 5 o'clock in the morning, and had a circulation of about 8,000 papers, while the Illustrated Express was issued weekly, in four parts, known as the A, B, C, and D editions, and had a circulation of about 7,000 papers. The A edition was issued on Friday afternoon, and about 1,000 papers of that edition were sent to Toronto, Canada, where the plaintiff resided, for sale by newsdealers and by boys in the streets on Saturday. None of the B, C, or D editions were sent to Toronto by the defendants for sale. The B edition was issued in the forenoon, and the C edition in the after-

noon, of Saturday, and the D edition was issued Sunday morning. Of the Daily or Morning Express, six papers were sent by the defendants to Toronto, three to exchange, two to a newsdealer for a customer of his, and one to a public library. On June 14 and 15, 1890, the defendants published a libel upon the plaintiff in all the editions of their two newspapers, except the A edition of the Illustrated Express. The publication was made under the direction of an editor in their employ, who had authority, in his discretion, to publish or refuse to publish the libelous article, which was received by him, in the usual course of the defendants' business, in the evening of June 14, 1890, at about 10 o'clock in the evening. The defendants had no personal knowledge or information concerning the receipt or publication of the obnoxious article at the time, and only learned the fact when this action was begun. Immediately upon their attention being called to it, they investigated the matter, satisfied themselves that injustice had been done the plaintiff, and caused a retraction and apology to be published in all their papers which contained the libel.

It is conceded by the plaintiff that neither the defendants, nor any one in their service, or for whose acts they were responsible, were moved by actual malice in the publication of the libel. But there was evidence in the case which would warrant an inference of reprehensible negligence on the part of the defendants, in having failed to make any effort to ascertain the truth or falsity of the libelous article before it was published; it appearing from the testimony of the editor himself, who directed the publication to be made, that with but little trouble, and at a trifling expense, he could have learned of the falsity of the article before it was published.

It is urged by the defendants that the order and judgment appealed from should be reversed on the ground that the trial court, in its charge to the jury, failed to comment with sufficient emphasis and definiteness upon the extenuating facts and circumstances in the case,—notably, the fact that the article complained of had been received by the defendants from an association of high character and repute, engaged in gathering and furnishing the press of the country with items of news for publication, and that the article in question came to them in the usual course of business, and had in fact been already published in other newspapers in Chicago and New York, and that the subject-matter of the article was already common gossip on the streets and in the clubs of Toronto; and it is further urged that the court assumed, and authorized the jury to find, facts not warranted by the evidence, besides that of actual malice, which will be discussed hereafter. If we were to assume that the learned counsel for the appellants is right on this point, it would not constitute reversible error. No exception was taken by him to the charge in these respects, nor was any request made by him for a modification or correction of the charge in these particulars. The purpose of the charge was, of course, to lay before the jury an impartial statement of the whole case; but for a simple failure on the part of the court, in the respects complained of, if the complaint were well founded, an appellate court should not reverse

a judgment.    It is well settled that for any omission on the part of the trial court to fully instruct the jury, or for any assumption by the court of facts not warranted by the evidence, the only remedy is an exception to a refusal to supply the omission or to correct the false assumption at the request of the party aggrieved, at the time the error is committed.    Harris v. Railroad Co., 20 N. Y. 232 (opinion of Selden, J., at page 239); Graser v. Stellwager, 25 N. Y. 315.

It is urged in this connection, by the appellants, that the verdict is excessive, and that the jury was unduly influenced to make it so by the language of the court in its charge.    In order to justify this claim, it should appear that the jury was actuated by passion, prejudice, or corruption, and the verdict must strike the mind as extravagant and exorbitant, and, under the circumstances of the case, outrageous.    In the light of such well-considered cases as Enos v. Enos, 135 N. Y. 609, 32 N. E. 123; Scott v. Association, 74 Hun, 284, 26 N. Y. Supp. 690; Alliger v. Brooklyn Daily Eagle (Sup.) 6 N. Y. Supp. 110; Smith v. Association, 5 C. C. A. 91, 55 Fed. 240,— the verdict in this case should not be set aside as excessive.

When the court had completed its charge to the jury, in the first instance, the defendants' counsel requested a further charge to the effect that, "unless the defendants were moved by actual malice" in the publication of the libel, the jury should not award damages to the plaintiff by way of punishment; whereupon the court, addressing the jury, replied:    "Yes, I charge you they must be moved by actual malice; but you may find actual malice if you find they failed to make an investigation as to the truthfulness of the charge," —to which ruling and charge an exception was taken by the defendants.    It cannot be questioned but that the meaning of the charge thus excepted to does, and was understood by the jury to, embrace two propositions, viz.:    (1) That in order to justify exemplary damages the defendants must have been moved by actual malice towards the plaintiff in publishing the libel; and (2) that the jury might find actual malice from the neglect of the defendants to investigate as to the truthfulness of the libelous article before it was published. Nor can it be questioned, I think, that both propositions were erroneous in law, because it was conceded by the plaintiff that there was no actual malice, and the court had already so charged, and there was no evidence in the case upon which actual malice could be predicated.    As to the other proposition thus charged by the court, it was erroneous because the evidence was such as to justify exemplary damages, notwithstanding there was no actual malice. Alliger v. Brooklyn Daily Eagle (Sup.) 6 N. Y. Supp. 110.    In its relation to cases like the one at bar, malice is either actual or implied.    But the distinction between malice actual and implied is vital, and lies at the foundation of the true measure of damages. The first is to be presumed only in cases where there is an intent or active purpose to injure, or where the wrongful act proceeds from ill will or hatred.    The second exists irrespective of the intent or motive, or state of the feelings, where the wrongful act is intentionally done without just cause or excuse.

The first erroneous proposition in the erroneous charge now

complained of was advanced as a principle of law applicable to the case at the special request of the defendants' counsel, and the second proposition was volunteered by the court. The plaintiff now invokes the rule of practice which provides that a party who requests the court to charge an erroneous proposition of law cannot be heard thereafter to dispute its correctness, to the prejudice of his opponent, and the further rule that where a portion of a complete charge is erroneous, and a portion is correct, an exceptant can derive no benefit from a general exception to the whole; that the only way in which an exceptant can secure any benefit to himself, under such circumstances, is by excepting only to the erroneous portion. The rules invoked by the plaintiff are firmly established, and need no citation of authority in their support. The purpose of an exception to an erroneous charge or refusal to charge by a trial court upon a question of law is to enable an apellate tribunal to pass upon the correctness of the ruling or decision complained of, and to that end it is incumbent upon the party who complains of the ruling in the court below to make his exception explicit, and in such a manner as to present the very point in issue. If parties were permitted to deliberately lead the court into error, or to remain silent when error is committed, and then have their cases reviewed on theories and assumptions other than those adopted and acquiesced in by them upon the trial, and to raise and discuss questions before appellate tribunals never tried or thought of until after an adjudication against them, the confusion and uncertainty now prevalent even in the highest courts would be greatly increased. Good faith requires that a litigant who claims to be prejudiced by a ruling of the court shall at once call attention to the fact by apt language, to the end that if an error has been committed it may be corrected, or put in shape for review, on the spot; and that is why the rules of practice invoked by the plaintiff exist. It is also well settled that an appellate tribunal will not exercise its ingenuity to find, and that it will not seize upon isolated portions of a charge to a jury for the purpose of discovering errors upon which to base a reversal, but will look to the charge as a whole, and if it shall appear reasonably certain that the jury understood and adopted the correct rule of law in arriving at their verdict, although there may have been harmless error in the charge, the court will refuse to disturb the verdict. Hickenbottom v. Railroad Co., 122 N. Y. 91, 25 N. E. 279. The case at bar seems to me to be clearly distinguishable, however, from any case which I have been able to discover wherein the rules invoked by the plaintiff as a reason why the judgment appealed from should be allowed to stand have been applied. In the case at bar it may be assumed that the defendants are precluded from taking any advantage of that part of the charge in which the court instructed the jury that in order to award exemplary damages they must find that the defendants were moved by actual malice. The remaining portion, which authorized them to find actual malice in fact, was entirely distinct from and independent of that portion of the same charge which preceded it. Both portions were erroneous. And so the case here is not one where portions of a complete charge

are correct, and other portions thereof are incorrect; and it is to such a case only, or to one where the apparently conflicting instructions could not have misled the jury, that the rule invoked has ever been applied. The charge excepted to was not a portion of the main charge, but stands in the record disconnected from and independent of it. Nor can it be said with reasonable certainty that the jury did not base their verdict upon actual, as distinguished from implied, malice. In the case before us, accurately speaking, the reason of the rule invoked fails, and in such a case the rule itself has no application. It is true that we are required, as is well said in Losee v. Buchanan, 51 N. Y. 492, to examine and consider the charge as a whole and if, from its whole scope, and taking it altogether, it presented the questions of law fairly to the jury, so as not to mislead them, exceptions to separate propositions in it, or to detached portions of it, should not be upheld. If the language of the charge were capable of different construction, that construction should be adopted which would lead to an affirmance of the judgment appealed from. But where the instruction excepted to is such that prejudice may have resulted therefrom to the exceptant a reversal is inevitable. The instruction of the court, in this case, authorizing the jury to find actual malice, was not consistent nor in harmony with other portions of the charge on the same subject, and may have influenced their verdict to the prejudice of the defendants, and therefore the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.

TITUS, C. J. I concur with my associate in the conclusion reached by him that the judgment in this case must be reversed. No complaint is made by the learned counsel for the defendants that the case was not fairly submitted to the jury by the court. A careful reading of the charge satisfies me that the claims of the parties were clearly and correctly stated to the jury, and the law correctly laid down. In fact, no complaint is made of the charge, either as to the statement of fact or law; but, in the statement to the jury in response to the request of the defendants' counsel to charge, I think error was committed. Although the court had previously told the jury that no actual malice was claimed by the plaintiff, or was shown by the evidence, yet the statement, when the case was finally submitted to the jury, that "you may find actual malice if you find they failed to make an investigation as to the truthfulness of the charge," which is conceded to be erroneous, may have led to some confusion in the minds of the jury as to what the law was, and influenced their verdict in the amount of damages given. I think, therefore, a new trial should be ordered, with costs to abide the event.