M. J. MOORE v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL.

Delivered March 26, 1898.

**1. Railway Company—Connecting Lines—Limiting Liability.**

A railway company which sells a through ticket with coupons extending over its own lines, but limiting its liability to its own line, acts as agent for such other lines, and does not render itself liable for their negligence in transporting the passenger.

**2. Same—Venue—Wrongful Joinder.**

An action for personal injuries to a passenger, brought against the railway company whose negligence caused the injury in a county through which its line does not extend, can not be sustained by fraudulently joining, in order to give jurisdiction in the suit, the initial carrier which sold the through ticket, where there was no partnership between the defendant companies, and the initial carrier was in no way liable for the injury.

APPEAL from Navarro. Tried below before Hon. A. L. LOVE, Special Judge.

*E. P. Anderson*, for appellant.

*T. S. Miller, G. C. Grace,* and *Houston Bros.,* for appellees.

FINLEY, CHIEF JUSTICE.—The case, as made by the pleadings upon which the parties went to trial, was a suit by appellant in the District Court of Ellis County, Texas, against appellees, the Missouri, Kansas & Texas Railway Company, hereinafter called the M. K. & T., and the San Antonio & Aransas Pass Railway Company, hereinafter called the S. A. P., for personal injuries alleged to have been suffered by appellant at Beeville, on the line of the S. A. P., by the carelessness and gross negligence of the employes of that company in too suddenly, and without proper warning, starting its train from said station, after an employe of the S. A. P. road had informed him, appellant, that the train would stop for twenty minutes for another train, relying on which he went to get something to eat, when the train was suddenly started without warning, and within five minutes of the stop, whereupon he, a passenger from Waxahachie to Corpus Christi and return, attempted to board the train, as he alleges in a proper manner, and was injured in doing so.

It is charged that the two roads got up an excursion to Corpus Christi and return, and that the M. K. & T. sold tickets for the excursion, one of which appellant held, and that the M. K. & T. was the agent of the S. A. P. in the sale of tickets over its, the S. A. P.'s line, and that the tickets were sold jointly, the party selling being the agent of both roads.

The M. K. & T. answered by exceptions general and special, general denial, a plea of contributory negligence, and a plea over against its co-defendant.

The S. A. P. answered by plea of privilege, to the jurisdiction, general and special exceptions, general denial, and contributory negligence.

The plea of privilege was heard by the court at the December term, 1896, and all the facts stated were found to be true, but the court found that the sale of the ticket by the M. K. & T. over both lines constituted that road an insurer of the safe passage of appellant over both lines, and made the M. K. & T. a proper party defendant with the right to plaintiff to sue both roads in any court having jurisdiction of either, and hence the plea was overruled, to which the S. A. P. excepted.

Afterward, at a special term of court in March, 1897, on a trial before a jury, there was a verdict and judgment for both defendants. The evidence of appellant tended to establish his allegations of negligence against the S. A. P. Ry. Co., and his alleged injuries resulting therefrom. The trial court instructed the jury that no liability had been shown against the M. K. & T. Ry. Co., and that a verdict should be returned in its favor.

As to the other company, the issues as made by the pleadings and evidence were submitted to the jury for determination.

*Opinion.*—The court correctly charged that there was no liability shown against the M. K. & T. Ry. Co., and directed the jury to return a verdict for that company.

The uncontroverted evidence showed that the injury alleged occurred upon the line of the S. A. & A. P. Ry. Co., and if there was any negligence which caused the injury it was the negligence of the operatives of the train of that company. It was also shown, without controversy, that the agent of the M. K. & T. Ry. Co. sold to appellant a coupon ticket over its own line from Waxahachie to Waco, and over the line of the S. A. & A. P. Ry. Co. from that point to Corpus Christi. The coupon ticket sold was for a round trip from Waxahachie to Corpus Christi and return, and the liability of the companies was limited to their respective lines. In selling the ticket over the S. A. & A. P. Ry. Co's line, the M. K. & T. Ry. Co. acted as the agent of the S. A. & A. P. Ry. Co. These were separate and distinct corporations, and no partnership was shown to have existed between them. The fact that a railway company sells a through ticket with coupons extending over its own and other lines, acting as agent for the connecting lines over which the ticket extends, does not render it liable for the negligence of the connecting lines in transporting the passenger. This proposition is clearly laid down in the following authorities: 2 Redf. Law of Railways, 4 ed., sec. 201; Hutch. on Carr., secs. 577, 578; Hartan v. Railway, 114 Mass., 44. The general current of authority is in line with this proposition; and unless there is some statutory rule which would affect the question, the proposition of law should be applied in this case. We have no statute in our State which would make the liability of the carrier different under the circumstances stated. Our statute governing through shipments of freight have no application, and the authority cited by appellant is based upon such statutes.

Under this view of the case, the judgment as to the M. K. & T. Ry. Co. must be affirmed.

The S. A. & A. P. Ry. Co. pleaded under oath that it had no agent in the county where the suit was brought, that its line did not extend into such county, that there was no partnership between it and the other company sued, that the M. K. & T. Ry. Co. was in no way liable for the alleged injury, and negatived all facts which could have conferred jurisdiction over it in Ellis County; and further alleged that the M. K. & T. Ry. Co. was fraudulently joined in the suit in order to give jurisdiction over it, the said S. A. & A. P. Ry. Co.

This plea was tried, and the court found all the facts alleged in it to be true; but overruled it because the court was of the opinion that the M. K. & T. Ry. Co. made itself liable for the negligence of its connecting line by selling a ticket which extended over it to the point of destination. This, we have seen, is not the correct view of the law.

The court should have sustained the plea of privilege presented by the S. A. & A. P. Ry. Co., and have dismissed the suit as to that defendant. Under this view of the case, the several questions of errors in the charge, and the omission and rejection of evidence, etc., presented by appellant as grounds for the reversal of the judgment, can not avail him, and it is unnecessary to discuss them.

The judgment of the court below as to the Missouri, Kansas & Texas Railway Company is affirmed, and as to the San Antonio & Aransas Pass Railway Company the judgment is reversed and the cause dismissed, at appellant's cost.

*Affirmed in part.*
*Reversed and dismissed in part.*