AUSTIN DAM AND SUBURBAN RAILWAY COMPANY V. S. GOLDSTEIN.

Decided May 4, 1898.

**Contributory Negligence—Discovered Peril—Street Railway.**
The principle recognized in cases of collision with railway trains, that one guilty of contributory negligence in attempting to cross the track before a moving train can recover for negligence by which his injury might have been avoided after discovery of his peril, but not for a negligent failure to discover such perilous position in time to avoid injury, is equally applicable to cases of collision with street cars.

APPEAL from Travis. Tried below before Hon. R. E. BROOKS.

*D. W. Doom, D. H. Doom,* and *West & Cochran,* for appellant.

*Hogg & Robertson, Geo. F. Pendexter,* and *Geo. E. Shelly,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee against the appellant to recover damages on account of injuries sustained in a collision with one of the cars operated by appellant upon its street car track. The appellant operates a street car line upon the streets of the city of Austin. The appellee, while riding in a buggy upon the street, in attempting to cross the street car track, was struck by one of the moving cars on appellant's road.

There is some evidence which has a tendency to show negligence upon the part of both parties; that upon the part of the appellant consisting in running the cars at a high rate of speed and failing to keep the proper lookout for persons on the track, and in failing to apply the brakes and stop the car in time to prevent running the plaintiff down. That upon the part of the appellee consisted in undertaking to cross the track in his buggy under such circumstances as the jury might consider as tending to show contributory negligence on his part.

We have closely examined into all the questions raised by the several assignments of error, and have failed to discover any error, except in the charge of the court, as stated in the eighth subdivision thereof, which is as follows:

"8. If you find from the evidence that the defendant's employes, in charge of said car, were negligent in failing to give warning of the approach of said car, or in failing to exercise ordinary care and diligence in discovering plaintiff's going upon said track in time to have stopped said car and prevented said collision, but you further find that plaintiff himself, in attempting to cross the track of defendant's railway at the time and in the manner and under the circumstances he did, failed to exercise

that degree of care and prudence that an ordinarily careful and prudent person would have used under similar circumstances, then plaintiff would not be entitled to recover, notwithstanding the negligence of defendant's agents and employes, if any, as above enumerated, and if you find the plantiff was himself guilty of negligence which proximately contributed to his injuries, as above stated, you will return a verdict for the defendant, unless you further find that the employes of defendant company in charge of said car discovered the danger of plaintiff, or by the exercise of ordinary care could and would have discovered his danger in time to have stopped said car or lessened its speed, and to have prevented said injury by the means and power at their command, and if you do so find that defendant's said employes did discover the danger of plaintiff, or by the exercise of ordinary care could and would have discovered his danger in time to have stopped said car or lessened its speed and prevented said injuries, but that they negligently failed to exercise all the means and power at their command to prevent said injuries, after such discovery, if any, then you will find for the plaintiff, notwithstanding you find plaintiff himself was guilty of negligence in going upon said track."

The error in this charge consists in the statement that the appellee would be excused from the effect of his contributory negligence in placing himself in a position of danger, if the servants of appellant operating the car could have, by the exercise of diligence, discovered his peril in time to prevent running him down, although in fact there was no actual discovery before the collision of his perilous situation.

We have not been able to find any case reported in this State where this identical question has been passed on as applied to the operation of street railways; but upon principle we think that by analogy that class of cases that lay down the rule upon this question as to injuries sustained by a person when upon a railway track which is operated by steam, are applicable. As great a degree of care and vigilance by one entering upon or crossing the tracks of a street railway, in operation upon a street of a city, would not in all cases be required, as in the case of one entering upon an ordinary railway operated by steam, and the facts connected with his entering upon the tracks of a street railway may not subject him to the charge of contributory negligence when a like state of facts might be evidence of his want of care in going upon the tracks of a railway operated by steam; for a pedestrian, under such circumstances, could assume that owing to the continuous use of the street by the public those operating the street cars would exercise much vigilance to prevent collisions, and could consider that the readiness with which such cars can be controlled and stopped would justify him in taking the chances of safely crossing over the track, when a similar effort to cross the tracks of a railway operated by steam might be regarded as negligence. Lynam v. Railway, 114 Mass., 87.

What is required in this, as in other cases of this class, is the exercise

of ordinary care, and when it is once ascertained that one entering upon the track of a street railway is lacking in caution and diligence, he should be held to the same responsibility as exists in other cases where the plaintiff may be guilty of contributory negligence. The principle of law which is applicable to a case where one by his negligence places himself in a position of peril upon a railway track applies to a case like this. In either case it is his negligent conduct that has contributed to his injury, and such being the case, he is not permitted to recover unless his perilous situation is discovered in time to prevent running him down. The fact that the plaintiff was privileged to use the street, and that in the exercise of this right he was not required to observe the same degree of care and watchfulness that would be required in a case where he was entering upon the track of a railway operated by steam, would not lessen the degree of responsibility that attaches to his negligent conduct in exposing himself to danger, if it is clear that he was guilty of such conduct. In either case, it is his negligent conduct that exposes him to peril. The failure to discover his peril by those operating the car, when by the exercise of diligence it could have been discovered, is conduct which clearly constitutes negligence; but this negligence does not excuse that of the plaintiff; and as held in the case of Smith v. Railway, 43 Southwestern Reporter, 35, and cases there cited, no recovery can be had in such a case unless a new act of negligence arises upon the part of those operating the train, which must consist in the actual discovery of the danger in time to prevent the injury. There is no substantial difference between cases of this class and the one before us which would justify any distinction between them upon principle.

For the error in the charge as pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*