(27 Misc. Rep. 48.)

### PHELAN v. RYCROFT.

(Supreme Court, Special Term, New York County. March, 1899.)

1. SLANDER—AMENDMENT OF COMPLAINT.
  A complaint for slander cannot be amended by setting up a slanderous utterance of defendant made under circumstances different from those disclosed in the original complaint, and which could not be met by the defense of privilege set up in the answer, where a cause of action for such words would be barred by limitations.

2. SAME—PLEADING.
  Words viewed merely as a repetition of the slander charged, and sought to be proven in further proof of malice, need not be specifically pleaded.

3. PLEADING—AMENDMENT—AFFIDAVIT.
  The affidavit on a motion to amend the complaint, where setting forth matters peculiarly within the knowledge of the party, should be made by the party, instead of by his attorney.

·Action by Timothy J. Phelan against Charles E. Rycroft. Motion by defendant for leave to amend the complaint. Denied.

John T. Fenlon, for the motion.

Henry Thompson (Vanderpoel, Cuming & Goodwin, of counsel), opposed.

GIEGERICH, J. By amendment of the complaint the plaintiff seeks to set up a slanderous utterance by the defendant, made under circumstances different from those disclosed in the original complaint, and which could not be met by the defense of privilege alleged in the answer. A cause of action for these words would be barred by the statute of limitations, and I therefore conclude that the motion should be denied upon the authority of Williams v. Cooper, 1

Hill, 638. If the words are to be viewed merely as a repetition, and are sought to be proven in further proof of malice, then they need not be specifically pleaded. Enos v. Enos, 135 N. Y. 609, 32 N. E. 123.

There is still another ground upon which the motion should be denied. The affidavit upon which it is based was made by the plaintiff's attorney, and no reason is given why it was not made by the plaintiff himself. It is the well-settled practice that, unless the facts upon which a motion is founded are peculiarly within the knowledge of the attorney, the affidavit should be made by the party. Rhodes v. Lewin, 33 App. Div. 369, 370, 54 N. Y. Supp. 106. It appears from the affidavit in question that the matters therein set forth were peculiarly within the knowledge of the plaintiff, and are founded solely upon information received from him. The affidavit is therefore defective, and it follows from these views that the motion should be denied, with $10 costs.