CLARK v. GALVESTON, H. & S. A. RY. CO.

(Court of Civil Appeals of Texas. Galveston. April 29, 1911.)

CARRIERS (§ 308*)—INTERSTATE CARRIAGE—CONDITION OF PASSENGER TICKET.

The condition of a ticket from Texas to another state and return over several lines that the seller, the initial carrier, is not responsible beyond its own line for injury to the passenger, is valid, and prevents recovery of it for refusal of an intermediate line to honor the return ticket, because of failure of the terminal road's agent to properly validate it.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 308.*]

Appeal from District Court, Galveston County; Robert G. Street, Judge.

Action by R. A. Clark against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Marsene Johnson, Elmo Johnson, and Roy Johnson, for appellant. W. T. Armstrong and Baker, Botts, Parker & Garwood, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

McMEANS, J. On December 21, 1908, appellant purchased from appellee a round-trip ticket from Galveston, Tex., to Atlanta, Ga. The ticket was what is known as a "coupon ticket"; there being one coupon for each line of railroad over which appellant had to travel from Galveston to Atlanta, and one for each line for his return passage. The first coupon evidenced his right to travel over the appellee's railroad from Galveston to Houston, the second over the Texas & New Orleans Railroad from Houston to the Sabine river, the third over Morgan's Louisiana & Texas Railroad & Steamship Company's lines from the Sabine river to New Orleans, and then other coupons evidenced his right to transportation over various railroads from New Orleans to Atlanta. There were similar coupons for the return trip. In each of the coupons it was provided that the right of passage over the particular road was subject to the conditions named in the contract of carriage, there being among other conditions the following:

"(3) In selling this ticket the Galv. Har. & San Antonio R'y. Co. acts only as agent for the other lines represented in it, and is not responsible beyond its own line, either for injury to the passenger, or for damage to or loss of baggage carried under it."

"(8) It is only good for return passage of original purchaser after identification by signature on back of this contract (and by other means if required) in the presence of an authorized agent of the Terminal Line at Destination of Ticket, who must witness the signature, date and stamp, and cancel with punch on back thereof the date of identification, and this ticket, with return coupons attached, will then be good for return passage if used within the number of days indicated in the margin hereof under the head of 'Return Transit Limit,' which shall be reckoned from date of identification, but shall not in any case be later than date cancelled under head of 'Return Trip,' after which date this ticket is void."

"(12) No agent or employé of any of the lines named in this ticket has any power to alter, modify or waive in any manner, any of the conditions of this contract.

"(13) In consideration of the reduced rate at which this ticket is sold, I agree to all the above conditions, and that unless they are fully complied with, this ticket shall be void, and upon presentation may be taken up and full fare collected."

Appellant traveled to Atlanta on this ticket, and on December 26, 1908, presented the ticket to the proper agent of the terminal line at Atlanta for validation, whereupon the agent wrote his name in the blank space left in the ticket for his signature, and the appellant wrote his name in the proper blank left for his signature, and the agent then folded the ticket, placed it in an envelope, and returned it to appellant; but the agent omitted to stamp on the reverse side of the ticket the name of the terminal line at Atlanta, and failed to punch in the space provided therefor on the reverse side of the ticket the date of identification and validation, as required by one of the conditions above set out, but appellant did not know this, and was not negligent or in any way at fault in not knowing it. Appellant traveled upon this ticket upon his return trip from Atlanta to New Orleans, where, upon presentation to the gateman of Morgan's Louisiana & Texas Railroad & Steamship Company, he was denied passage through the gate and admittance to the train upon which he desired to resume his journey, the gateman declaring that the ticket was "no good," and pushed appellant back, and by his words and conduct afflicted humiliation upon appellant. The result of the gateman's refusal to admit appellant to the train upon the ticket presented was that he purchased a ticket from New Orleans to Galveston, for which he paid $12.30, and upon which he traveled to the latter city. Upon reaching the appellee's railroad at Houston, he did not tender the round-trip ticket to it for transportation, nor did he afford any opportunity to appellee to honor the ticket for return passage over its line. Appellant brought this suit to recover of appellee, the Galveston, Harrisburg & San Antonio Railway Company, damages for the humiliation suffered by him in consequence of the conduct of the gateman of Morgan's Louisiana & Texas Railroad & Steamship Company at New Orleans, and for the $12.30 paid by him for the ticket from New Orleans to Galveston. The case went to trial before a jury, and upon the conclusion of the testimony the court peremptorily instructed the jury to return a verdict for appellee, which the jury did, and thereupon a judgment for appellee was rendered from which the appellant, Clark, has prosecuted this appeal.

The only question presented for our determination by this appeal is this: Is the Galveston, Harrisburg & San Antonio Railway Company responsible for the damages suffered by appellant by reason of the refusal of Morgan's Louisiana & Texas Railroad & Steamship Company to honor the return ticket for appellant's transportation? The latter company was not a party to this suit, and therefore no question as to its liability is presented. The question must be answered in the negative if the provision in the contract of carriage limiting appellee's liability for injury to the passenger occurring on its own line is valid. It may be true, and we think it is, that the ticket agent of the terminal line in Atlanta was the agent not only of that line, but also of Morgan's Louisiana & Texas Railroad & Steamship Company for the purpose of prop-

erly validating appellant's ticket, and that both roads would be liable for the result of his failure to properly validate the ticket. The Galveston, Harrisburg & San Antonio Railway Company, which sold the ticket, was agent of each of the connecting lines for the purpose of the sale, and its act in designating the agent of the Terminal Line at Atlanta as the person by whom the ticket should be validated for the return trip was the act of each of the connecting lines, and made such agent the duly authorized agent of each line for this purpose. Each coupon of the through ticket must be taken as though issued by the company over whose line it calls for passage. Railway v. Lucas, 138 S. W. —— (opinion of this court filed December 17, 1910);† McCollum v. Railroad, 31 Utah, 494, 88 Pac. 664; Mills v. Railroad, 111 Md. 260, 73 Atl. 885, 134 Am. St. Rep. 599; Cyc. 571.

The terminal line had impliedly contracted with appellant that it would, through its agent in Atlanta, validate the ticket when presented in proper time so as to make it good for return passage over all the lines, and it may be that it was responsible for such damages as resulted to the passenger on either of the connecting lines from its failure to do so. When appellant had done all that he was required to do to have his ticket validated, but was unable to do so through the failure of the agent of the terminal line to do his duty, he did not forfeit his right to transportation over each of the lines upon the ticket, and was wrongfully refused by Morgan's Louisiana & Texas Railroad & Steamship Company admittance to and passage upon its train. Railway v. Lucas, supra; Railway v. Payne, 99 Tex. 46, 87 S. W. 330, 70 L. R. A. 946, 122 Am. St. Rep. 603; Railway v. Pauson, 70 Fed. 585, 17 C. C. A. 287, 30 L. R. A. 730.

But all this is aside from the question at issue, and does not conflict with the condition that the Galveston, Harrisburg & San Antonio Railway Company should not be responsible beyond its own line, to which condition appellant expressly assented. That such condition in a contract of interstate carriage is valid, and binding upon the purchaser, seems to be too well settled to require discussion. Hutchinson on Carriers (2d Ed.) par. 580b; Gulf, Colorado & Santa Fé Railway Co. v. Looney, 85 Tex. 159, 19 S. W. 1039, 16 L. R. A. 471, 34 Am. St. Rep. 787; Mosher v. St. Louis, Iron Mountain & S. Ry., 127 U. S. 390, 8 Sup. Ct. 1324, 32 L. Ed. 249; Moore v. Missouri, Kansas & Texas Ry. Co., 18 Tex. Civ. App. 561, 45 S. W. 609; Harris v. Howe, Receiver, 74 Tex. 537, 12 S. W. 224, 5 L. R. A. 777, 15 Am. St. Rep. 862.

As all the damages suffered by appellant were sustained upon a connecting line for which the appellee is not responsible, the court properly directed a verdict in appellee's favor, and the judgment of the court below must be affirmed.

Affirmed.

