## EBSARY v. RAYMOND & WHITCOMB CO.

(District Court, W. D. New York. February 9, 1925.)

1. Shipping ⟷165—Under contract for tourist voyage, no right to vary from designated trip without reason.

In a contract of carriage made by tickets for a tourist voyage, including shore trips to designated places, a provision giving the carrier the right to withdraw a shore excursion did not give it the right to refuse to take passengers on a designated trip without a substantial reason therefor.

2. Damages ⟷51—Under breach of contract of carriage, evidence of aggravation of suffering held admissible.

In an action for damages for breach of a contract for carriage of plaintiff and his wife on a tourist voyage, including damages for physical and mental suffering, evidence that plaintiff's suffering was aggravated by that of his wife from the same cause *held* admissible.

**3. Damages ⊙⇒96—Damages for physical and mental suffering within discretion of jury.**

The amount of damages awarded as compensation for physical and mental suffering is within the discretion of the jury, where their verdict is not influenced by passion or prejudice.

At Law. Action by Frederick G. Ebsary against the Raymond & Whitcomb Company to recover damages for breach of contract of carriage. Verdict by jury for plaintiff for $7,500. On motion by defendant to set aside verdict and for new trial. Denied.

For prior opinions, see (D. C.) 300 F. 685, 686.

Harlan W. Rippey, of Rochester, N. Y. (James O. Moore and Martin Clark, both of Buffalo, N. Y., of counsel), for plaintiff.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (Thomas R. Wheeler and William M. Fay, both of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. A motion for a new trial is urged by defendant on the grounds that the court erred in its construction of the contract by which the Damascus-Jerusalem optional trip was included, in permitting proof regarding the physical condition of Mrs. Ebsary, wife of plaintiff, and that the verdict was excessive.

[1] I have examined the various authorities cited by counsel in support of his main contentions, but in my opinion they are not applicable to the facts in this case. They are based on a different principle. The contract in evidence, I think, not only included transportation from New York on the steamship Rotterdam for a cruise through the Mediterranean to the Holy Land and return, but included also the optional Damascus-Jerusalem trip, of which the plaintiff availed himself on purchase of a ticket. The provision of the contract (Exhibit 1) where the defendant claims the right to withdraw any tour or shore excursion does not mean or imply a refusal to permit a passenger to take side trips without just cause, but relates to a withdrawal of the tour or shore excursion, or a change of transportation plans— something that was not done in this case. Defendant could not refuse to take the plaintiff and his wife on the side trip without substantial reasons for not doing so, and whether there was substantial reason for refusing him the side trip was a question for the jury. The adjudications cited by defendant, viz.: Fonseca v. Cunard Steamship Co., 153 Mass. 553, 27 N. E. 665, 12 L. R. A. 340, 25 Am. St. Rep. 660; Tewes v. North German Lloyd Co., 186 N. Y. 151, 78 N. E. 864, 8 L. R. A. (N. S.) 199, 9 Ann. Cas. 909; Steers v. Liverpool, 57 N. Y. 1, 15 Am. Rep. 453; and Mosher v. St. Louis, 127 U. S. 390, 8 S. Ct. 1324, 32 L. Ed. 249—do not apply to the facts here, and were decided, as it seems to me, upon a different principle.

[2] It was proper to receive evidence tending to show that the suffering of plaintiff's wife in consequence of the refusal to permit taking the trip to Damascus aggravated the physical and mental condition of the plaintiff. Flam v. Lee, 116 Iowa, 289, 90 N. W. 70, 93 Am. St. Rep. 242; Enos v. Enos, 135 N. Y. 609, 32 N. E. 123; Enquirer Co. v. Johnston, 72 F. 443, 18 C. C. A. 628; Boyce v. Greeley Square Hotel Co., 228 N. Y. 106, 126 N. E. 647; Ott v. Murphy, 160 Iowa, 730, 141 N. W. 463.

[3] Although the amount of the recovery was, perhaps, larger than I would have given, if I had been called upon to make the award, yet it must be conceded that, in a case such as this, no general rule as to adequacy of the amount of damages can be applied. Sutherland on Damages (4th Ed.) § 953. It is entirely within the province of the jury to determine on the proofs the extent of the indignity and humiliation suffered by plaintiff, and whether his condition was aggravated by the disappointment and humiliation suffered by his wife, and to fix the compensation for his ill treatment by defendant's agent. There is no substantial reason for reducing the amount fixed by them, since it is not contended that they were influenced by passion, prejudice, or corruption. They were told by the court that the defendant, if it was responsible to plaintiff, was liable for compensatory damages only—such damages as flowed from the indignity and humiliation suffered by him.

There was a conflict of evidence as to the manner in which plaintiff was treated at the time he and his wife were rejected as passengers to Damascus, and the language used by the cruise director, and the alleged injury sustained, and the jury, after listening to the respective versions, decided to believe plaintiff's version. This was their right.

Motion for new trial denied.