GERTRUDE REILEY and ALYSSE REILEY, Respondents, *v.* NANETTE GUDE BAYNE, Appellant.

First Department, June 24, 1938.

*Maurice Gellar* of counsel [*Charles Rosenbaum*, attorney], for the appellant.

*Jacob M. Rosenfeld* of counsel [*David T. Rosen*, attorney], for the respondents.

CALLAHAN, J. The second amended complaint sets forth four causes of action, all based on the same slander. The first and second causes of action are asserted on behalf of plaintiff Gertrude Reiley, and the third and fourth on behalf of plaintiff Alysse Reiley. The first and third causes of action allege the slander to have been committed in The Netherlands in 1934. The second and fourth causes of action allege the same slander committed in the Principality of Monaco on the same date.

A first amended complaint was served herein in 1935. This pleading did not allege any cause of action arising in The Netherlands. It merely stated that the slander occurred on the steamship *Volendam*. A bill of particulars alleged that that steamer at the time was in the harbor of Monte Carlo, Monaco.

While the first amended complaint alleged repetition of the slanderous statement on later dates during the year 1934 on the voyage of the *Volendam*, for reasons which will be hereinafter set forth, we need not pass on the question as to whether the allegations alleged the same or separate slanders. (See *Enos* v. *Enos*, 135 N. Y. 609.)

The first amended complaint was dismissed on motion in February, 1938. Thereafter, the second amended complaint now under attack was served. It set forth, for the first time, the causes of action for slander arising in The Netherlands, stating that the *Volendam* flew the flag of that country.

The second and fourth causes of action repeat the same slander, but allege that it was committed in the Principality of Monaco.

As the causes of action arising in The Netherlands were first asserted more than one year after the alleged slander was committed, and no foreign law is pleaded, they are barred by section 51 of the Civil Practice Act. (See *Harriss* v. *Tams*, 258 N. Y. 229.) Therefore, these causes of action should have been dismissed.

The second and fourth causes of action, based upon the alleged slanders in Monaco, were attacked on the present motion on affidavits showing the Statute of Limitations of that country. There were conflicting statements in the affidavits submitted by both parties concerning the foreign statute applicable. Accordingly,

the court below properly denied the motion to strike out the second and fourth causes of action.

The order appealed from should be modified by granting the motion to dismiss the first and third causes of action, and, as so modified, affirmed, without costs, with leave to the defendant to answer within twenty days after service of order, with notice of entry thereof.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously modified by granting motion to dismiss the first and third causes of action, and, as so modified, affirmed, without costs, with leave to the defendant to answer within twenty days after service of order.