R. F. HARRIS v. M. G. HOWE, RECEIVER.

No. 2748.

1. **Railways.**—There exists no distinction in principle between the liability of a receiving railway company when assumed by contract for the transportation of freight over connecting lines of transportation and the liability by contract for the carrying of passengers.

2. **Same.**—The railway company which engages to carry beyond the termination of its line of road is estopped from denying its obligation to perform such contract.

3. **Same—Contract.**—The obligation of a railway company to transport passengers over its line of road can not be so modified by contract as to exempt it from the duty of protecting the passengers from the consequences of the negligence of its agents and servants. The obligation is limited to the line of the railway, and the road may by contract restrict the extent of its obligation as to safe transit of passengers over connecting lines.

4. **Cases Discussed.**—Pennsylvania Central Railroad Company v. Schwarzenberger, 45 Pa. St., 208, discussed and approved.

APPEAL from Shelby.    Tried below before Hon. James I. Perkins. The opinion states the case.

*E. B. Wheeler* and *R. S. Bryarly,* for appellant.— 1.   When various connecting lines of common carriers enter into an arrangement by which each company or carrier is authorized to sell through tickets over all of such connecting lines, and a ticket is so sold, and by the negligence of one of such connecting lines, its agents, or servants, injury results to the holder of such ticket, he has his action against the company selling the ticket, and such company has recourse against the one on whose line and by whose negligence the injury was done.   H. & T. C. Ry. v. Hill, 63 Texas, 384; G. H. & H. Ry. v. Allison, 59 Texas, 198; Thomp. on Carr., pp. 406, 408, note 2, p. 412.

2.   Contracts limiting the liability of common carriers of passengers are contrary to public policy, and if made will not be enforced.   G. C. & S. F. Ry. v. McGown, 65 Texas, 640; Railway v. Stephens, 95 U. S., 655; Railway v. Lockwood, 17 Wall., 357.

3.   The appellee having made a contract to transport or cause to be transported in first class cars over its own and connecting lines the appellant and her three children from Timpson, Texas, to Bolivar, Tennessee, and for this service having received in advance the compensation demanded, then applying the principle of law which declares that "as men bind themselves so must they stand bound," the appellee stood bound by its contract to transport or to see that appellant and her children were transported as first class passengers and in first class coaches from Timpson to Bolivar, and if it depended upon a subcontractor or agent to perform a part or even all of the said contract, it is liable for the misfeasance or wrongdoing of such subcontractor or agent.   St. L. A. & T. Ry. v. Mackie, 71 Texas, 491; Candee v. Pa. Ry., 21 Wis., 582; Quimby v. Vanderbilt, 17 N. Y., 306; G. W. Ry. v. Blake, Thomp. on Car., p. 403; Hawcraft v. G. N. Ry., Id., p. 59; Denton v. G. N. Ry., Id., p. 53.

4.   When a railroad company sells a through passenger ticket by a specified route to some point on lines of road belonging to other companies in other States, the undertaking of the first named company is to transport the passenger and his baggage safely to such place of destination, and it is liable to him for any injury to his person or baggage occurring on any of said connecting lines of road in violation of such undertaking.   Railway v. Mackie, 71 Texas, 496, 497; Candee v. Railway, 21 Wis., 582; Quimby v. Vanderbilt, 17 N. Y., 306.

No brief on file for appellee.

HENRY, ASSOCIATE JUSTICE. — This suit was brought by appellant

against the appellee, as receiver of the Houston East & West Texas Railway Company, to recover damages.

Appellant charges that appellee, through its agent at Timpson, Texas, made with her an express contract to transport her and her three small children from Timpson, Texas, to Bolivar, Tennessee, as first class passengers in first class coaches, for which appellant paid appellee in advance the compensation demanded, and that in disregard of such contract she and her children were compelled by a conductor on the route to leave the first class coach and enter the smoking car of the train on which they were being transported, and remain there from 11 o'clock at night until 10 o'clock the next day under circumstances and surroundings described as being very uncomfortable and disagreeable.

The evidence shows that appellant purchased from appellee a coupon ticket from Timpson, Texas, to Bolivar, Tennessee, paying it the price asked for it; that appellant asked appellee's agent who sold her the ticket if it was a first class one, and he informed her that it was and would carry her through all right without any trouble whatever. The coupons were for passage over the Houston East & West Texas Railway, the Vicksburg, Shreveport & Pacific Railway, and the Illinois Central Railway. The price paid was the full local fare of each road added together, and the gross sum to which it was entitled was paid by the road receiving it to each of the other roads. Appellant was received and transported over the first two roads as a first class passenger, but when she reached the Illinois Central, notwithstanding the ticket that she presented entitled her to travel in its first class cars, the conductor insisted that it did not, and compelled her to go into a second class car and stay there under the circumstances alleged in her petition.

The ticket is made part of the statement of facts, and among other printed clauses contains one in the following words:

"That in selling this ticket the Houston East & West Texas Railway Company acts only as agent, and is not responsible beyond its own line."

The court charged the jury to find for defendant.

The question of the liability of a railroad selling a through ticket beyond its own terminus and over connecting roads has been much discussed and different opinions have prevailed.

The same question has arisen with regard to the liability of the receiving company for freight shipped beyond its own terminus over connecting lines of transportation, but the existence of such liabilty when assumed by contract seems now too firmly established to justify further discussion.

There exists respectable authority to the effect that a distinction exists in this respect between the carriage of goods and of passengers. Hutch. on Carr., 464; 2 Redf. on Rys., p. 313.

Other authorities hold that there are no substantial distinctions between

the rules governing the two subjects. Quimby v. Vanderbilt, 17 N. Y., 313. In principle we can see no distinction.

It has been contended that it is *ultra vires* for railroad corporations to contract to carry beyond their own lines, but the great weight of authority unquestionably is that however that may be, the carrier that engages in such an undertaking is estopped from denying its obligation to perform it.

In Hutchinson on Carriers, page 117, it is said with regard to the carriage of goods: "It is universally conceded that he may bind himself by an express contract to carry to any distance or to any destination, whether the carriage can be accomplished by his own means of conveyance upon his own route, or will require the employment of agents or subsidiary carriers beyond it. In this respect he may bind himself to the same extent as other contracting parties, even to the performance of impossibilities, if he will."

The obligation to convey passengers over its own line not only exists as a public duty independently of any contract to do so, but from considerations of public policy it can not even be modified by contract so as to exempt the carrier from the duty to protect the passenger from consequences of the negligence of its agents and servants. G. C. & S. F. Ry. v. John McGown, 65 Texas, 640.

Beyond its own line a different rule in some respects prevails. It is only because the carrier has voluntarily contracted to do so that it can be required to transport a passenger over any other than its own line, and it results that, like other contracting parties, it may define the terms and limit the extent of its undertaking over other lines, insomuch as may be required to leave upon them the responsibilities of their own negligence.

The case of the Pennsylvania Central Railroad Company v. Schwarzenberger, 45 Pennsylvania State, 208, was for the recovery of damages for the loss of baggage. The ticket sold by defendant to the passenger contained a stipulation as follows:

"In selling this ticket for passage over roads west of Pittsburg the Pennsylvania Railroad Company acts only as agent for the western lines, and assumes no responsibility west of Pittsburg."

The court says: "The defendants are not common carriers except between Philadelphia and Pittsburg. They were under no obligation to carry plaintiff beyond the termination of their route, or to transport his baggage. It is true they received the fare for the whole distance from Philadelphia to Cincinnati, and if that were all it might raise a presumption of an agreement to carry over the entire route between the two cities. But contemporaneously with the receipt of the fare, and as evidence of the contract into which they entered, they gave to the plaintiff a ticket informing him that they assumed no responsibility for his carriage, and of course for the carriage of his baggage, beyond Pittsburg.

They notified him that they acted only as agents for the carriers whose route extended west from Pittsburg, and not at all for themselves. With this express disclaimer of personal liability there is no possibility of implying an engagement. It is not to be doubted that the defendants could act as agent for a connecting railroad line, and if they could, the contract for carriage between Pittsburg and Cincinnati was with the principals of defendants and not with themselves. Their own engagement was performed when they had transported plaintiff to Pittsburg and delivered his baggage to the carriers on the connecting railroad beyond leading to Cincinnati. A carrier may not release himself from responsibility for want of ordinary care. Here, however, was no attempt by defendants to limit their responsibility as common carriers. There was nothing more than an express refusal to assume an additional and unusual liability—a careful guarding against the implication of a contract, which without the notice might have arisen from the fact that the passage money for the entire distance to Cincinnati was here received. This is the whole case. The plaintiff breaks down in the beginning. He fails to prove that these defendants contracted to carry him and his baggage beyond Pittsburg. His remedy, therefore, is not against them, but against the company which undertook for that portion of the route upon which the carpetbag was lost."

It is equally clear in the case before us that the defendant's liability for negligence was by the express terms of the contract confined to its own line, and that it made the contract for the transportation of the passenger over the line where the alleged wrong was committed only as the agent of the corporation operating such line; and we conclude that not being bound by its charter as a public carrier, or by contract, express or implied, to transport plaintiff over the Illinois Central Railroad, the defendant was not liable in this action and the court properly so charged the jury.

If any negligence of defendant in issuing the ticket had been the proximate cause of the wrong to plaintiff the rule would be otherwise. Upon the material issues in the case there is no controversy about the facts or conflicting evidence.

The judgment is affirmed.

*Affirmed.*

Delivered October 18, 1889.