MISSOURI, K. & T. RY. CO. OF TEXAS v. RYON. (No. 7311.)†

(Court of Civil Appeals of Texas. Dallas. April 10, 1915. Rehearing Denied June 19, 1915.)

1. NEGLIGENCE ⬦⟿56 — "PROXIMATE CAUSE" —WHAT IS.

A proximate cause is not necessarily the last cause that produces a result, but is that which produces or actively aids in producing the result, or that which concurs with the last cause to produce the result which might reasonably have been contemplated under the attending circumstances.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. ⬦⟿56.

For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

2. CARRIERS ⬦⟿320—CARRIAGE OF LIVE STOCK —NEGLIGENCE—PROXIMATE CAUSE.

An initial carrier of live stock required the shipper to accompany the stock, and at intervals look after the same. It failed to properly bed the car, which, while on a side track of the connecting carrier, was struck by cars operated by the connecting carrier, so violently as to throw one of the animals on the floor, injuring

the shipper then in the car. *Held* that, whether the failure to properly bed the car was negligence, and, if negligence, it concurred with the act producing the result, was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ⬦⟿320.]

3. CARRIERS ⬦⟿290—CARRIAGE OF LIVE STOCK —NEGLIGENCE—PROXIMATE CAUSE.

The failure of the initial carrier to properly bed the car rendered it liable for the injury to the shipper, since the result could reasonably have been anticipated by the initial carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1168, 1169, 1177, 1178, 1180, 1182–1184; Dec. Dig. ⬦⟿290.]

4. CARRIERS ⬦⟿306—CARRIAGE OF LIVE STOCK —NEGLIGENCE—PROXIMATE CAUSE.

The initial carrier selling a passenger ticket entitling the purchaser to ride over the line of the initial and connecting carriers, but without any stipulations as to liability for accidents, did not thereby relieve itself from liability for injuries received on the line of the connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1249–1251; Dec. Dig. ⬦⟿306.]

5. CUSTOMS AND USAGES ⬦⟿10, 21—VALIDITY —EVIDENCE.

Customs of trades and provisions not repugnant to express statutes or rules of law have the force of law, but whether a custom exists, is one of fact.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 9, 17; Dec. Dig. ⬦⟿10, 21.]

6. NEGLIGENCE ⬦⟿61—PROXIMATE CAUSE.

Negligence of intermediate agencies may be the proximate cause which sets in motion the concurring act of negligence of another for which the latter will, in case of loss or injury, be liable.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. ⬦⟿61.]

7. EVIDENCE ⬦⟿481 — OPINION EVIDENCE — ADMISSIBILTY.

One having an experience of 15 or 20 years of shipping live stock, may testify that it is usual and customary to bed cars with sand or hay to enable stock to stand.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2248–2254; Dec. Dig. ⬦⟿481.]

8. APPEAL AND ERROR ⬦⟿1040 — HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Where issues raised by allegations in a petition to which special exceptions were overruled, were not submitted, and defendant's liability was predicated on other facts, the ruling was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. ⬦⟿1040.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Claude Ryon against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Huff, and Lawther, Pope & Mays, all of Dallas, for appellant. W. W. Helms and El. J. Gibson, both of Dallas, for appellee.

RASBURY, J. Appellee sued appellant for damages for personal injuries alleged to have

been negligently inflicted upon him by the appellant and its connecting line, the Missouri, Kansas & Texas Railway Company. The negligence alleged was the act of appellant's said connecting line in driving an engine and cars violently against a detached box car, containing two mules accepted by appellant for shipment from Dallas, Tex., to Oklahoma City, Okl., while appellee was in the car safeguarding the mules, and the act of appellant in failing to bed the car in which the mules were shipped, by reason of which acts appellee and one of the mules in the car were thrown violently to the car floor, the mule falling upon appellee's right leg, breaking same in two places and injuring his right ankle. Appellee also alleged that appellant and its connecting line, the Missouri, Kansas & Texas Railway Company, while existing under separate charters, were in fact one and the same corporation, reciting certain facts in support of the allegation; also, alternately, that if not in fact identical they were partnership corporations, reciting also certain facts in support of that allegation.

In addition to the general demurrer and several special exceptions hereinafter referred to, appellant denied that it and the Missouri, Kansas & Texas Railway Company was in fact one line or partners; that if appellee was injured as claimed such injury occurred on the line of the latter company, and as the result of the wrongful acts of its agents and servants, over whom appellant had no control, direction or authority, and in which acts if true, it in no respect participated. All demurrers were overruled and the case submitted to the jury upon special issues of fact. Upon the jury's findings upon the issues so submitted the court upon motion rendered judgment for appellee for $1,500. Motion for new trial was overruled, and the appellant, within the time and manner provided by law, has brought the case to this court for review upon proper assignments of error.

The jury adopted appellee's version of the facts, and in deference to such finding the evidence will support the following conclusions thereon stated in our own language, to wit, J. B. Pace, engaged in buying and selling mules, employed appellee in compliance with appellant's regulations in that respect, to accompany and safeguard two mules which he was about to ship from Dallas to Oklahoma City, and made his arrangements in that behalf with appellant the day before he delivered them for shipment. When the mules were presented the following day appellant did not have a car ready. Pace inquired of the agent concerning the matter and the agent explained that he did not have a stock car and that the mules would have to be transported in a box car. Pace remonstrated on the ground that a box car was unsuitable and not bedded. The agent indicated that the box car was the best

at hand and declined to bed the car. Pace acquiesced, and the mules were loaded into the box car and tied or hitched therein with halters and proceeded on their journey, accompanied by appellee, as a part of a train of cars made up by appellant at Dallas. The train left Dallas on a Friday about 6 p. m., and continued its journey uninterrupted by change until it reached Atoka, Okl., about 2:30 in the afternoon of Saturday following, at which place and time it was detached from the train and placed upon a switch track in the yards, the conductor explaining to appellee that the car would remain there until the afternoon of Sunday, when it would be picked up by another train and carried to destination. After the car containing the mules had been placed on the switch appellee looked into the car and discovered that one of the mules was loose. He entered the car and retied the mule. Just as appellee had completed his task and was turning to leave the car a "string" of cars was driven against the car containing the mules with great violence, throwing the mule to the floor. As the mule fell he struck appellee, throwing him to the floor and falling upon him, breaking his leg and injuring his ankle. No issue is made in reference to the extent of appellee's injuries or any physical pain, etc., resulting therefrom while he remained in Atoka, and for that reason we do not deduce from the evidence the salient facts in that respect. The appellant, in addition to requiring the mules to be accompanied by a drover (appellee), also required the shipper to purchase for the drover a first-class railroad ticket, which was done. In connection with the ticket appellant also issued appellee a drover's pass, a part of the contract of shipment, regulating the manner and method of caring for the stock by the drover, etc., and his entry into the car containing the mules. The ticket so sold was issued by the officers of appellant and was a first-class ticket for which appellee's employer paid full fare and was known as a coupon ticket, the first coupon entitling appellee to travel over the line of appellant to Red River or the state line, the other coupon entitling him to ride over the line of the Missouri, Kansas & Texas Railway Company from Red River, the state line, to Oklahoma City. The ticket also required appellee to make a continuous journey after boarding the cars to destination, and contained no provision limiting appellant's liability to its own line. The contract of shipment also provided for a through shipment from Dallas to Oklahoma City over the line of appellant and its connecting line, the Missouri, Kansas & Texas Railway Company, and was issued by the agents of appellant. It is proper and customary to bed cars with straw, sand, or cinders when shipping stock, in order to prevent them from falling to the floor of the car in case of sudden jolts or jars of the car; such danger, in the absence of bedding being enhanced by the

urine and droppings from the animals. It is not safe to ship them in unbedded cars. It is proper to say that on all material issues of fact, save and except as to the character of the ticket and the provisions of the contract of shipment, there was sharp conflict, and a verdict for appellant could have been sustained thereby.

[1, 2] Without reference to the arrangement of the issues in the briefs we consider first appellant's claim that by the evidence it was entitled to verdict, and that the court erred in refusing to so peremptorily instruct the jury. In this respect it is first urged that the direct and proximate cause of the injury to appellee was the negligence of another. Simply stated appellant contends, waiving for the time all other collateral issues, that the injury would not have occurred but for the negligent act of its connecting line, the Missouri, Kansas & Texas Railway Company, in driving its engine and cars against the car in which appellee was at the time of his injury. We think not. The proposition ignores, as a concurring cause of the injury, the negligence of appellant in failing to properly bed the car. The evidence tends to show that in order to make the floor of the car safe both for the mules and the drover (appellee) it was necessary to bed same. It also appears from the shipping contract that it was contemplated that appellee would at intervals enter the car to look after the mules. Thus it could be argued with equal force that the injury would not have occurred but for the slippery condition of the car floor resulting from the failure to bed same. The case presented here is controlled by the rule that holds that proximate cause is not necessarily the last cause that produces a result, though it may be, but is that which produces or actively aids in producing the same; or stated in other words, that which concurs with the last cause to produce the result, and which might reasonably have been contemplated under the attending circumstances. Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; M., K. & T. Ry. Co. v. Harrison (Civ. App.) 77 S. W. 1036. The rule being, as we have indicated, the act of appellant's connecting line in driving its cars against the car containing appellee and the mules was not conclusive of the issue, and a peremptory instruction would have been improper, since it remained for the jury to determine whether appellant's failure to bed the car was negligence, and if negligence whether same concurred with the last act in producing the injury to appellee; for as said in M., K. & T. Ry. Co. v. Harrison, supra:

"If the injury is produced by the concurrent acts of negligence of two or more persons, although their acts are distinct and separate, they incur a joint liability for the injury they produce."

[3] But it is urged in effect that failure to bed the car even if negligence is not available to appellee, since the duty to bed was for the protection of the mules and not appellee, to whom appellant owed no duty in that respect. The correctness of the point thus raised depends, as was said in T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, upon "whether a reasonably prudent man, in view of all the facts, would have anticipated the result—not necessarily the precise actual injury, but some like injury—produced by similar intervening agencies" and as said in the earlier case of Seale v. Railway Co., 65 Tex. 274, 57 Am. Rep. 602, upon whether the intervening or concurring cause "and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer." Applying the rule stated to the facts of this case we are compelled to the conclusion that what resulted should reasonably have been anticipated. Appellant would not agree to accept the mules for transportation unless they were accompanied by a drover (appellee), who was required to look after the welfare of the mules, feeding and watering them and otherwise preserving their safety. To perform such duties it was necessary, of course, for appellee to enter the car where the stock was. Appellant knew the drover would enter the car, in fact required him to do so, and regulated the time and manner of such entry. Possessing such knowledge we think it clear that a reasonably prudent person would have anticipated what did happen or some like or similar result.

[4] It is also urged that appellant's connecting line, the Missouri, Kansas & Texas Railway Company, is alone liable to appellee for the reason that appellee was on its line of railway by virtue of a ticket issued over its line when he received his injuries. We are of opinion that the railway ticket issued to appellee and by virtue of which alone he was entitled to be upon the cars in no respect affected appellant's liability for its act of concurrent negligence, since obviously appellant would in any event be liable for its own negligence. The ticket sold appellee by appellant entitled him to ride over the line of appellant from Dallas to Red River, the state line, and from thence over the line of the Missouri, Kansas & Texas Railway Company to Oklahoma City, without limitation or reservation. It is in effect held in Harris v. Howe, Rec., 74 Tex. 534, 12 S. W. 224, 5 L. R. A. 777, 15 Am. St. Rep. 862, that a carrier may voluntarily contract to transport a passenger beyond its own lines, and may for that purpose employ the agents and lines of subsidiary carriers; and, in view of such rule it is common, as appears from the cases, for carriers to provide, in tickets calling for transportation over several lines, that the carrier selling same acts as agent for the connecting carriers. Such provision is held to limit liability against the selling carrier to acts of negligence occurring upon its own line. Appellee's ticket had no such provision.

Whether therefore the ticket upon which appellee was traveling was an express contract to safely transport appellee at all events to his destination and could support this cause of action independent of appellant's concurring negligence, it is not necessary to decide, but that it did not have the effect, under the facts of this case, to exempt appellant for its concurring negligence under the rules stated, we think certain.

[5] It is further urged that verdict should have been directed for appellant, for the reason that it is not customary for carriers to bed cars for the safety of stock, especially in less than full cars. This question was for the jury. Usages and customs of particular trades and professions, when not repugnant to express statutes or rules of law, have the force of law, and whether they exist as indicated is a question of fact to be proven under the rules of evidence, from which it follows, as matter of course, that the district judge did not err in refusing to direct verdict for appellant in that respect.

[6] It is next urged that the court erred in defining proximate cause as that which "produces or contributes to produce an event, and without which such event would not have occurred" and in refusing to define proximate cause as requested by appellant as "that which * * * produces an event without any other cause intervening," etc. The requested charge is clearly erroneous. All authority concedes that the negligence of intermediate agencies may be the proximate cause which sets in motion the concurring act of negligence on the part of another agency for which the latter will in case of loss or injury be liable. This rule the requested charge not only omits, but, on the contrary, affirmatively directs the jury that it may not be considered, since it is there declared that the cause must be produced "without any other cause intervening." The rule stated in the charge is the antithesis of the rule as it exists.

[7] There was no error in permitting the witness Pace to detail what would probably result if the mules were shipped in a car not properly bedded, and to detail what would probably result to them if shipped in cars not bedded at all, and what would probably result to the stock in either case if a string of cars was driven against the car containing such mules. Pace had had an experience of 15 or 20 years in shipping stock, and testified that it was usual and customary to bed the cars with sand or hay to enable stock to stand, while if not bedded the cars for the reasons herein stated would become so slippery as to make it impossible for the stock to stand in case of slight jar of the car. If such was the custom, and the jury so found, the evidence was admissible and entirely proper for the purpose of showing that upon failure to bed the appellant could reasonably have anticipated the intervening act of the Missouri, Kansas & Texas Railway Company and its consequences.

[8] The remaining issues relate to the action of the court in overruling the general demurrer, and certain special exceptions directed by appellant to the sufficiency of the facts, by which it was sought to establish that appellant and its connecting line was in fact one and the same corporation and in the alternative partners. The action of the court in the respect stated is immaterial, since neither issue was submitted to the jury, and for the further reason that appellant's liability is predicated upon facts entirely disassociated from the facts constituting the legal status of appellant and its connecting line.

Finding no reversible error in the record, the judgment of the court below is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes