### INTERSTATE CIRCUIT, Inc., v. VAN DUSEN.
#### No. 12427.

Court of Civil Appeals of Texas. Dallas.
June 18, 1938.

636

R. T. Bailey, of Dallas, for appellant.

J. L. McNees and W. C. Graves, both of Dallas, for appellee.

YOUNG, Justice.

Appellant was defendant below and appellee the plaintiff, this suit being for damages resulting from a fall sustained by Mrs. Van Dusen while a patron on the premises of the Majestic Theater, a Dallas picture house alleged to have been operated and maintained by the defendant on said date of December 12, 1935. The allegations of her pleadings, generally, were: That at the time, plaintiff, in company with her sister, having purchased tickets and reached the floor where they intended to view the picture, plaintiff proceeded to the water fountain in a corner for a drink; that the floor about said fountain was without a serviceable covering, being polished, slick and slippery, and in stepping up for the purpose of drinking, her foot slipped and she was hurt; and that such condition was negligence on the part of defendant. Other allegations, in substance, were that defendant was negligent in not having a rubber mat or other covering around the fountain to prevent slipping, also in not having hand-railings as aid in using the fountain; and further, that a slick foreign substance was allowed to remain upon said floor in the vicinity of said drinking device, through which her foot slipped, along with the other negligent conditions above mentioned. The defendant urged general and special exceptions, general denial and facts of contributory negligence; but offered no testimony when plaintiff rested her case. The jury found, in answer to issues relating to plaintiff's injuries, that (1) defendant maintained around said water fountain a slick and hard-surface floor, which was negligence and a proximate cause; (2) that the failure of defendant to cover the area surrounding the fountain with either a rubber mat or other serviceable covering was also negligence and a proximate cause; and (3) that the defendant was further at fault in failing to have "either a rubber mat or other floor covering over the floor surrounding the fountain in question, in order that when a foreign substance of a slick and slippery nature was left on the floor, said covering would have prevented plaintiff from slipping upon the floor", which was also a proximate cause of injuries that were found by the jury to be in the sum of $1000. Upon a judgment in terms of the above jury findings, defendant has appealed here on two general grounds, (1) that there was no evidence showing actionable negligence toward the plaintiff in any wise causing the injuries complained of, and (2) neither was there evidence showing defendant to be either the owner or proprietor of the Majestic Theater, or otherwise connected therewith. Other assignments are presented in appellant's brief, but a discussion of the propositions just detailed will effectively dispose of all errors assigned.

The facts of the situation here are not in dispute, neither does appellee contend that the foreign substance involved had been on the floor a sufficient time to charge those operating the picture show with knowledge thereof; also it is conceded that plaintiff below was an "invitee" on the occasion in question, to whom the proprietors of the theater owed the duty to keep the premises in a

reasonably safe condition for use by patrons such as Mrs. Van Dusen. We must look to the uncontradicted testimony of plaintiff and her sister as to facts directly explanatory of the happening, and binding upon her. Following are excerpts from such testimony (Mrs. Van Dusen): "Yes sir. I started to stoop over to get my drink and I just tumbled on over; my foot slipped out from under me, one foot. It looked like somebody had vomited, I didn't see it until after I had fell and somebody had helped me up, and there it was on my feet and my foot had slipped through the mucus. I don't know what it was but it looked like someone had vomited". True, she testified as to the floor as follows: "Yes, sir, but if I had my other foot on the rug, I probably would not have slipped but that marble was so slippery that I fell." "Q. Now, Mrs. Van Dusen, you say the marble was slick? A. The tile or whatever it was. * * * " "Q. Then, stepping in this stuff that slipped your feet out from under you did not have anything to do with it, did it? A. That is what caused me to fall; if that mucus had been on a floor of cork I probably would not have slipped down, but being on that marble * * * ." Her further testimony, in substance, was that the substance covered a space larger than her shoe, that her foot slipped through it; and at several times stated that she thought her fall was caused by the foreign substance on the floor, and would not have fallen had it not been for such substance or mucus; also that her other foot did not slip. The sister of plaintiff testified, generally, to the same effect, that she did not notice whether the floor around the fountain was slippery or not; that she just noticed the mucus or substance as being large enough to remain on both sides of plaintiff's shoe; further, that plaintiff gave no evidence of falling until her foot got in the stuff; that it was not water on the floor but the mucus that probably caused plaintiff to fall.

We think it inescapable from a careful reading of the record that the real cause of plaintiff's fall was the foreign substance on the floor, knowledge as to the presence of which the theater proprietor was not legally chargeable; the evidence being wholly insufficient to support a jury finding that the slick and hard-surfaced floor (absent the foreign element) was a proximate cause of the resulting injuries. In his charge and as part of the instruction on proximate cause, the trial court gave the following definition of "new and independent cause":

"By the term 'new and independent cause' as that term is used in this charge, is meant a cause over which the parties (that is, a party whose negligence, if any, you are in any particular issue about to say was, or was not, a proximate cause) had no control, and (a) which acts alone to bring about the result complained of; or, (b) which concurs in such alleged negligence, if any, and which so aids in bringing about such result, that without such aid, the result would not have been produced; but in this latter event, such concurring cause, if any, so aiding, in order to be a new and independent cause, must be such that a person of ordinary prudence would not have reasonably foreseen the same in the light of the attending circumstances".

As has been just stated, the testimony of the two main witnesses to the occurrence admit of no other construction than that the substance on the floor (an intervening cause) acted alone to bring about the result complained of, within the terms of subdivision (a) of the above definition; and if we be incorrect in this, then the plaintiff clearly has no ground of action against the theater owner under subdivision (b) thereof. Even from the viewpoint of plaintiff, under the jury findings, the slick and hard-surface floor was but a concurring cause and without the aid of the foreign substance, the fall would not have resulted. It is but conjectural and without basis of fact in the record that this accident would have occurred by reason of the condition of the floor alone; and the intervention of the new and active agency, just referred to, was an element that a person of ordinary prudence was not required to anticipate in the exercise of ordinary care. "It has been stated to be a general rule that an independent act of negligence by a third party is an occurrence which the defendant is not generally bound to anticipate, especially where the independent act is the willful act of the third person. Noonan v. Sheridan, 230 Ky. 162, 18 S.W.2d 976." See J. C. Penny Co. v. Robison, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 705, and annotations under subdivision II (4), citing Crump v. Hellams et al., Tex.Civ. App., 41 S.W.2d 288. Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019; City of Vernon v. Lisman, Tex.Com.App., 17 S.W.2d 769. From the Lisman Case, just cited, we quote (page 770):

"It is, of course, elementary that an act of negligence need not be the sole proximate cause of injury to create liability; it is suffi-

cient if such negligence concurs or contributes with another's act whether that other's act be negligence or not, and such is the doctrine of Gonzales v. City of Galveston, 84 Tex. 3, 19 S.W. 284, 31 Am.St.Rep. 17, and the other cases cited by the Court of Civil Appeals; but here the negligence of the city did not, to any extent, proximately cause the death. It was at most only the occasion for deceased's presence in the street. The universal test of the legal conception of proximate cause, plainly stated, is whether or not the wrongdoer could reasonably have anticipated that such a consequence would follow. The whole question is thoroughly discussed in Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, which has long been considered as the last word on 'proximate cause.' By analogy the case of Fort Worth & R. G. Ry. Co. v. Neely (Tex.Civ.App.) 60 S.W. 282, is in point. There the railroad company negligently maintained a mudhole in a public street in Granbury. Charles Neely was thrown from the buggy in which he was riding because his horse became frightened at escaping steam from a passing engine and ran into the mudhole. It was there held that the negligence with respect to the mudhole was but passive and was not the proximate cause of Neely's injury and death * * * ".

▮ And in 45 C.J. page 910 it is said: "Passive negligence may constitute proximate cause if it is the direct cause of the injury. But where the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability". Assuming for the purpose of this opinion that the show owner or proprietor did maintain about the water fountain a slippery and hard-surfaced floor, thereby producing a condition rendering it possible for this accident to happen, it cannot be said that such defendant could reasonably have foreseen or anticipated that a third person would vomit thereon, thus causing a patron of the premises to fall. To exact this duty or requirement of the theater operator would be to make the latter an insurer of plaintiff's safety (and appellee does not contend this), and as appellant aptly points out, would require the show owner to anticipate that some third person would commit an affirmative act of negligence, and to guard against it, as in this instance, with rubber mats or other serviceable floor covering. (It occurs to the writer that the preventive value of such rubber mat, etc., in the situation just mentioned, is a matter for real optimism and conjecture.) We believe the facts of this record do not fall within the well settled doctrine of foreseeableness and proximate cause, as illustrated in Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927. In Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 278, 57 Am. Rep. 602, is stated the rule that has long been followed in the decisions, that:

"It is upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such, that the decisions diverge, and, in some cases, become irreconcilable with each other. It is generally held, however, that if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. Louisiana Mut. Ins. Co. v. Tweed, 7 Wall. 44, 52 [19 L.Ed. 65]."

The cases cited by appellee, Missouri, K. & T. Ry. Co. v. Cardwell, Tex.Civ.App., 187 S.W. 1073, and Missouri, K. & T. Ry. Co. v. Ryon, Tex.Civ.App., 177 S.W. 525, are consistent in facts and in logic with the general limitations of the above controlling authorities.

▮ Our conclusions just discussed render unnecessary a disposition of appellant's further assignments, save however as to the proposition that there was no evidence showing the defendant to be either the owner or operator of the Majestic Theater, or otherwise connected therewith. Plaintiff's allegations as to this are well pleaded and became a material part of her cause of action. The defendant raising the issue of ownership and operation by general denial, it was the duty of plaintiff to adduce sufficient proof as to same, as well as to all other necessary elements of a prima facie case. The citation by plaintiff of Wieser v. Thompson Grocery Co., Tex.Civ.App., 8 S. W.2d 1100, merely involves a defendant being sued under the wrong name; the point here presented relating simply to requiring of a litigant the establishment of all material facts alleged. "Ownership, control, or responsibility for the use of the premises, or instrumentality which caused the injury, must be shown to be in defendant, unless the answer admits the same * * * ." 45 C. J. (Negligence) page 1126, Sec. 709. Such ownership or control of the premises, we re-

peat, were put in issue by the general denial of defendant, Interstate Circuit, Inc.

This case has been fully developed as to plaintiff's version of her cause of action. The circumstances of the fall and injury are indeed unfortunate, but we cannot conceive of a state of facts or basis in law for a recovery by appellee, and it becomes our duty to render this cause, the trial court having erred in refusing the peremptory instruction of appellant.

Reversed and rendered.